Hough, J.
The principal ground of error relied upon in this court, and the only one that it will be necessary to consider, is a question of procedure.
The plaintiff in error contends that the court erred in refusing to allow his motion to withdraw his former motion for a directed verdict, and erred in refusing to submit the case upon that motion to the jury, under proper instructions.
The defendant in error, on the other hand, contends that the application, made after the court had indicated his decision, came too late, and that the submission of a motion by each party to the suit at the conclusion of all the testimony, asking for a directed verdict, was in effect a waiver of a jury, and *14 a final submission of the whole controversy to the court.
In Turner v. Pope Motor Car Co., 79 Ohio St., 153, it was held by this court:
“Where the plaintiff has introduced his evidence ánd rested, and each of the defendants has moved the court for a directed verdict * * * upon which motions the cause has been submitted to the court and its conclusions thereon announced, the plaintiff has not the right to dismiss the action without prejudice.”
The court there took the view that the sustaining of the motion was a final disposition of the case, and that the motion to dismiss without prejudice could not be entertained after ,such submission, in view of the wording of the statute upon that subject. That view is not the precise question we have in this case.
In Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, it was held:
“A motion by each party in a jury case * * * to direct a verdict in his favor on the pleadings, made to the court before evidence is offered, is a waiver of a jury trial and a submission of the case to the court, and a party cannot, as of right, after his motion has been overruled, and that of the other party sustained, give evidence in support of his case.”
Although this may be considered as an authority to sustain the contention of the defendant in error, it still does not present the identical question made in this record.
*15 A case nearer in point is that of First National Bank v. Hayes & Sons, 64 Ohio St., 100. The first proposition of the syllabus in that case reads:
“Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon.request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence.”
In the above case, no motion was made to submit the case to the jury, but Judge Minshall says in the opinion at page 101:
“If no motion [for a directed verdict] had been made by the plaintiff and there was any evidence tending to support its case, it would have had the undoubted right to have had the same submitted to the jury, and it would have been error in the court to direct a verdict for the defendants.”
The case at bar presented a jury issue. The motion made to direct a verdict at the close of the plaintiff’s testimony was overruled, and the record discloses that exceptions were noted. To effectually save this question, the defendant was compelled to renew that motion at the close of all the testimony. Cincinnati Traction Co. v. Durack, Admx., 78 Ohio St., 243, and City of Zanesville v. Storrs,, 88 Ohio St., 557.
This the defendant did, and, immediately following, the plaintiff made a like motion. The court, then, instead of disposing of the motions in the order *16 made, passed upon the plaintiff’s by sustaining it, and then proceeded to overrule the defendant’s motion. At this juncture, and next in order as appears from the record, defendant’s counsel requested the withdrawal of his motion, and the submission of the case to the jury. -
From the record, as it appears, we are of the opinion that this request to submit the case to the jury came at the earliest moment at which it could consistently have been made. Had the court passed upon the motions in the order in which they were offered, as was done in the case of Perkins v. Board of County Commissioners of Putnam County, 88 Ohio St., 495, and, after the overruling of his motion, counsel for defendant had then delayed until the court had disposed of the motion of the other party, there might be some merit in the contention of the defendant in error.
It appears to us in the light of what was actually done, as disclosed by' the record, that the defendant was entitled to have the case submitted to the jury, and that the refusal of the court to so do deprived that party of a constitutional right, and that the action of the cotlrt in that respect was error.
The judgment will be reversed, and the cause remanded to the court of common pleas for further proceedings according to law.

Judgment reversed.

Marshall, C. J., Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.